**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4086**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD LEE GRIFFITH,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:17-cr-00279-WO-1)

Submitted:  September 28, 2018                    Decided:  October 19, 2018

Before AGEE, KEENAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant.  Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Lee Griffith appeals from his conviction and 21-month sentence entered pursuant to his guilty plea to mailing threatening communications. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning whether the district court complied with the requirements of Fed. R. Crim. P. 11 when accepting Griffith's plea. Despite notice of his option to do so, Griffith has not filed a pro se supplemental brief. The Government has also declined to file a brief. We affirm.

Because Griffith did not move to withdraw his plea, we review his Rule 11 hearing for plain error. *United States v. Martinez*, 277 F.3d 517, 525 (4th Cir. 2002). "[T]o satisfy the plain error standard [Griffith] must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." *United States v. Massenburg*, 564 F.3d 337, 342-43 (4th Cir. 2009). Even if Griffith satisfies these requirements, correction of the error lies within our discretion, if we conclude that the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 343 (internal quotation marks omitted).

The transcript from Griffith's plea hearing indicates that the district court complied with Rule 11 and informed Griffith of his rights and responsibilities in accordance with the Rule. The record does not indicate, nor does Griffith allege, that there was any mistake in the plea hearing that would have caused him to plead differently. *See id.*

In light of these considerations, we find that the district court did not commit any reversible error when accepting Griffith's plea. In accordance with *Anders*, we have reviewed the record and have found no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform Griffith, in writing, of the right to petition the Supreme Court of the United States for further review. If Griffith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Griffith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*